# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DOIT INTERNATIONAL, LTD,<br>   an Israeli Limited Company,<br><br>               *Plaintiff*,<br><br>               v.<br><br>BLACKSWAN TECHNOLOGIES INC.,<br>   a Delaware Corporation,<br><br>               *Defendant*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 1:23-cv-00560-MN |

## PLAINTIFF'S MOTION FOR ENTRY OF
## DEFAULT JUDGMENT FOR SUM CERTAIN

Plaintiff DoiT International, LTD ("DoiT" or "Plaintiff"), by its attorneys, Oved & Oved LLP and Rosen & Associates, P.C., requests that the Clerk of Court enter Judgment by Default against Defendant BlackSwan Technologies, Inc. ("BlackSwan" or "Defendant") pursuant to Federal Rule of Civil Procedure 55(b)(1). In support of this request Plaintiff relies upon the record in this case and the declaration submitted herewith.

## FACTUAL BACKGROUND

DoiT is a leading cloud computing technology company. DoiT is in the business of solving essential and advanced cloud computing challenges by providing its users with intelligent technology that simplifies and automates cloud use and billing data, alongside expert consultancy and unlimited technical support. Since late 2019, DoiT has provided BlackSwan with cloud computing services from Google Cloud Platform, Amazon Web Services, and Microsoft Azure pursuant to contracts dated October 24, 2019; February 9, 2020, July 26, 2020; and November 18, 2020, respectively (collectively, the "Cloud Contracts"). Each of the Cloud Contracts provides that DoiT will provide BlackSwan with Google, Amazon, and Microsoft cloud services, based on consumption by BlackSwan, and that BlackSwan will remit payment to DoiT within 30 days of

- 1 -

receiving a monthly invoice from DoiT. DoiT is in turn obligated to pay Google, Amazon, and Microsoft for such cloud services consumed by BlackSwan in a timely fashion, irrespective of whether or not BlackSwan paid DoiT for these cloud services.

As a supportive and understanding partner to its customers, DoiT has exercised leniency with respect to overdue balances on BlackSwan's account. However, beginning in late 2022, BlackSwan began accruing hundreds of thousands of dollars in unpaid fees, while refusing to pay DoiT and dodging DoiT's repeated communications regarding the unpaid invoices. On or about March 28, 2023, BlackSwan made a partial payment toward its then-outstanding balance, and thereafter ceased paying its invoices entirely. This non-payment is a clear default under each of the Cloud Contracts.

BlackSwan does not, and cannot, dispute that it owes DoiT the amounts stated on the invoices. Indeed, as recently as April 13, 2023, Michael Ouliel, the founder and CEO of BlackSwan, personally acknowledged the amounts due and owing on BlackSwan's account with DoiT, yet BlackSwan has nevertheless still refused to tender payment to DoiT. As of the date of this action, BlackSwan owes DoiT $394,389.06 in overdue invoices, in addition to soon-to-be issued invoices. Providing services to BlackSwan under the Cloud Contracts comes at a substantial cost to DoiT. Indeed, DoiT has made significant payments to its partners for the cloud computing resources that BlackSwan consumed. Moreover, DoiT incurred significant indirect costs, in the form of employee time and use of on-demand resources, in connection with providing the wraparound support and technical expertise that are the hallmarks of DoiT's award-winning service. As a direct and proximate result of BlackSwan's breaches of the Cloud Contracts, DoiT has suffered, and continues to suffer, significant monetary damages by way of, *inter alia*, BlackSwan's unpaid invoices, which continue to accrue.

**SUBJECT MATTER AND PERSONAL JURISDICTION**

This Court has original subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) because (i) Plaintiff is a citizen of Israel and Defendant is a citizen of Delaware and (ii) the amount in controversy exceeds $75,000. This Court has personal jurisdiction over BlackSwan because it is incorporated in Delaware. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to DoiT's claims occurred in this district and because BlackSwan resides in this district.

**ARGUMENT**

**I.     Plaintiff Pleads Claims for Breach of the Cloud Contracts and Account Stated**

Plaintiff's Complaint amply pleads claims for breach of contract and account stated. "Under Delaware law, the elements of a breach of contract claim are: (1) a contractual obligation; (2) a breach of that obligation by the defendant; and (3) resulting damage to the plaintiffs." *Greenstar, LLC v. Heller*, 814 F. Supp. 2d 444, 450 (D. Del. 2011). Here, Plaintiff specifically alleges that (1) Cloud Contracts are valid and binding contracts between the parties; (2) DoiT fully performed under the Cloud Contracts, and BlackSwan breached the Cloud Contracts by failing to remit payment for the services rendered thereunder; and (3) DoiT has been damaged by BlackSwan's failure to pay in the amount of $394,389.06, plus interest and costs. *See* D.I. 1 ¶¶ 18-21; *see also PPG Indus. v. Jiangsu Tie Mao Glass Co.*, 47 F.4th 156, 161 (3d Cir. 2022) (upon entry of a default, the factual allegations in the complaint "will be taken as true").

Similarly, "Delaware state courts have defined the requirements of an account stated as follows: (1) an account existed between the parties; (2) the defendant stated or admitted to owing a specific sum on the account to the plaintiff; and (3) the defendant made this admission after the original account or debt was created." *Outbox Sys. v. Trimble Inc.*, C.A. No. N21C-11-123, 2022

Del. Super. LEXIS 344, *16 (Del. Super. Ct. May 5, 2022). Here, Plaintiff specifically alleges that (1) an account existed between BlackSwan and DoiT; (2) BlackSwan admitted that it owes DoiT the amounts on the invoices after DoiT rendered those services; and (3) BlackSwan has refused to pay the amounts that it has already admitted to owing on the invoices, damaging Plaintiff in the amount of $394,389.06, plus interest and costs. *See* D.I. 1 ¶¶ 23-26. Accordingly, Plaintiff has established that it has pled claims for breach of contract and account stated and is entitled to entry of default judgment.

## II. Plaintiff Has Satisfied the Procedural Requirements for a Default Judgment

Plaintiff also respectfully submits that it has met the procedural requirements for entry of a default judgment. Specifically, Plaintiff commenced this action on May 22, 2023, alleging, *inter alia*, claims for breach of contract and account stated arising from BlackSwan's failure to pay the amounts that it has already admitted that it owes pursuant to the Cloud Contracts. On May 24, 2023, Plaintiff properly served the Summons and Complaint on Defendant by its registered agent. *See* D.I. 4; *see also* Declaration of Andrew L. Kincaid dated July 26, 2023 ("Kincaid Decl.") ¶ 4. Plaintiff received no response to the Complaint, and, consequently, on June 15, 2023, Plaintiff sought a Clerk's Default against Defendant pursuant to Federal Rule of Civil Procedure 55. Kincaid Decl. ¶ 6. That same day, this Court entered an oral order directing Plaintiff to "serve a copy of the Motion for Entry of Default on Defendant and shall file a proof of service regarding same." D.I. 6. Plaintiff promptly complied with the Court's order, and on June 20, 2023, filed an affidavit of service confirming that Plaintiff served the Motion for Entry of Default and supporting declaration on Defendant by its registered agent on June 16, 2023. *See* D.I. 7.

On July 20, 2023, the Clerk of Court entered a Default against Defendant and directed Plaintiff to "serve a copy of the Clerk's Entry of Default upon Defendant" and "file a proof of

service regarding same." *See* D.I. 8.  On July 26, 2023, Plaintiff filed an affidavit of service, reflecting that on July 24, 2023 Plaintiff served the Clerk's Entry of Default on Defendant.  *See* D.I. 9.  Despite being properly served and receiving repeated notice of this litigation, Defendant has not entered an appearance, responded to the Complaint, or otherwise responded to this action.  Kincaid Decl. ¶ 12.  Accordingly, entry of default judgment for the sum certain of $394,389.06, plus interest and costs, is now appropriate.  *See* FED. R. CIV. P. 55(b)(1) ("If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—***must enter judgment for that amount and costs*** against a defendant who has been defaulted.")

## CONCLUSION

For the reasons set forth above, Plaintiff requests that this Motion be granted and that the Clerk of Court enter default judgment against Defendant BlackSwan Technologies, Inc. in the amount of $394,389.06, plus interest and costs.  A Proposed Judgment is submitted herewith.

Dated:  Wilmington, Delaware
        July 26, 2023

Respectfully submitted,

*/s/ Christine McCabe*
Christine McCabe, Esq. (No. 3695)
ROSEN & ASSOCIATES, P.C.
4609 Bedford Boulevard
Wilmington, Delaware 19803
Tel: (212) 223-1100
*cmccabe@rosenpc.com*

and

Terrence A. Oved, Esq. (*pro hac vice* forthcoming)
Andrew L. Kincaid, Esq. (*pro hac vice* forthcoming)
OVED & OVED LLP
401 Greenwich Street
New York, New York 10013
Tel: 212.226.2700
*terry@oved.com*
*akincaid@oved.com*

*Attorneys for DoiT International, LTD*