IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| DOIT INTERNATIONAL, LTD | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 23-560-MN |
| | ) | |
| BLACKSWAN TECHNOLOGIES, INC. | ) | |
| | ) | |
| Defendant. | ) | |

FILED

SEP 2 5 2023

U.S. DISTRICT COURT DISTRICT OF DELAWARE

**REPORT AND RECOMMENDATION**

Pending before the Court is Plaintiff DoiT International, LTD's ("DoiT") Motion for Entry of Default Judgment pursuant to Federal Rule of Civil Procedure 55.[1] (D.I. 10). I recommend that DoiT's motion be GRANTED.

**I.   Background**

DoiT provides Defendant BlackSwan Technologies, Inc. ("BlackSwan") with cloud computing services pursuant to four contracts. (D.I. 1 ¶ 11). The terms of the contracts require BlackSwan to pay DoiT for these services within 30 days of receiving a monthly invoice. (*Id.*; D.I. 14-1 at 5, 11, 15, 19). Despite invoicing BlackSwan pursuant to the terms of the contracts, DoiT alleges that BlackSwan stopped making payments in late 2022 and accrued an unpaid

---

[1]   DoiT requested relief pursuant to Fed. R. Civ. P. 55(b)(1), which provides that the clerk must enter judgment when the defendant has defaulted and the plaintiff's claim is for a sum certain. A plaintiff must do more, however, than simply request a specific amount to be entitled to judgment under Rule 55(b)(1). *Assets & Holdings Ltd. v. Life Settlement Exch., Inc.*, No. CV 20-571-MN, 2021 WL 1701569, at *1 n.1 (D. Del. Apr. 14, 2021), *report and recommendation adopted*, No. CV 20-571-MN, 2021 WL 1700722 (D. Del. Apr. 29, 2021). DoiT's motion for entry of default judgment requested a specific dollar amount in damages but it did not include any documentation or a sworn statement to substantiate the amount. Upon referral to me, I requested additional information to determine whether the amount requested could be substantiated and whether it was reasonable under the circumstances. Having requested and now received the information from DoiT, I treat its motion as having been filed under Fed. R. Civ. P. 55(b)(2).

balance of several hundred thousand dollars. (D.I. 1 ¶ 12). BlackSwan made a partial payment in late March 2023, but a balance of $394,389.06 remains due and owing. (*Id.* ¶¶ 12, 14; D.I. 14; D.I. 16 ¶¶ 3–7).

DoiT filed suit on May 22, 2023 to recover this unpaid balance. (D.I. 1). The record reflects that DoiT served BlackSwan with the original Complaint on May 24, 2023. (D.I. 4). BlackSwan, however, never answered or otherwise appeared. DoiT then filed a Request for Entry of Default on June 15, 2023 (D.I. 5), a copy of which was also served on BlackSwan, (D.I. 7). The Clerk entered default on July 20, 2023 (D.I. 8), and DoiT served BlackSwan with a copy of the clerk's entry of default (D.I. 9). DoiT filed its pending Motion for Entry of Default Judgment on July 26, 2023 (D.I. 10), a copy of which was also served on BlackSwan (D.I. 11). The motion was referred to me on August 29, 2023, (D.I. 12), and I directed BlackSwan to file a declaration with documentation detailing and substantiating its requested damages. BlackSwan did so (D.I. 14), and I subsequently held a telephonic hearing[2] on September 18, 2023. Despite being served with DoiT's motion for default, the clerk's entry of default, and DoiT's motion for entry of default judgment, (D.I. 11), BlackSwan did not enter an appearance and did not participate in the hearing. At the hearing, I directed DoiT to file an additional declaration showing more clearly how the invoices submitted in D.I. 14 add up to the damages requested, as well as an amended proposed judgment. DoiT filed those documents on September 19, 2023. (D.I. 16, 17).

---

[2] Rule 55(b)(2) provides that a court may conduct an evidentiary hearing to ascertain the amount of damages. Fed. R. Civ. P. 55(b)(2). However, "Rule 55 does not require that testimony be presented as a prerequisite to the entry of a default judgment[.]" 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2688 (3d ed. 2007); *see also Securities and Exchange Commission v. Krimm*, No. 17-464, 2019 WL 2270437, at *5 (May 28, 2019). I am satisfied that the briefing and supporting declarations submitted by DoiT in support of its motion for entry of default judgment, in addition to the uncontroverted factual allegations in the Complaint, obviate the need for an evidentiary hearing in this case.

## II. Legal Standard

Entry of default judgment is a two-step process. *Tristrata Tech., Inc. v. Med. Skin Therapy Research, Inc.*, 270 F.R.D. 161, 164 (D. Del. 2010). First, the party seeking a default judgment must request that the Clerk of Court enter default against the party that has failed to answer the pleading or otherwise defend itself in the action. Fed. R. Civ. P. 55(a); *see also J & J Sports Prod., Inc. v. Kim*, No. 14-1170, 2016 WL 1238223, at *1 (D. Del. Mar. 29, 2016). After default has been entered, a plaintiff may obtain a default judgment. Fed. R. Civ. P. 55(b); *see also J & J Sports Prod.*, 2016 WL 1238223, at *1. If the plaintiff is seeking relief in the form of a sum certain, it may obtain a default judgment from the Clerk of Court. Fed. R. Civ. P. 55(b)(1); *see also J & J Sports Prod.*, 2016 WL 1238223, at *1. Otherwise, "the party seeking default judgment must apply to the court for an entry of default judgment." *Tristrata Tech.*, 270 F.R.D. at 164.

Courts have discretion over whether to enter a default judgment in a particular case. *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). The court considers three factors when determining if default judgment is appropriate: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). For purposes of that determination, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Genedics, LLC v. Meta Co.*, No. 17-1062, 2019 WL 3802650, at *3 (D. Del. Aug. 13, 2019) (quoting *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)).

Finally, "[i]n assessing a motion for default judgment, the court should take the necessary steps to establish damages with reasonable certainty." *Bd. of Trs., Plumbers & Pipefitters Loc.*

3

*Union No. 74 Pension Fund v. Mep Nationwide, LLC*, No. CV 21-503-MN, 2022 WL 2951690, at *4 (D. Del. July 26, 2022), *report and recommendation adopted*, 2022 WL 3354702 (D. Del. Aug. 12, 2022); *see also Palmer v. Slaughter*, No. 99-899, 2000 WL 1010261, at *2 (D. Del. July 13, 2000) ("The court . . . is required to calculate the appropriate amount of damages. It cannot simply accept the plaintiff's representations on this subject as being true.").

### III. Discussion

#### A. Liability

The relevant factors weigh in favor of entering default judgment on DoiT's claims. DoiT alleged in the Complaint that BlackSwan breached its four contracts with DoiT by failing to pay DoiT in full for cloud computing services provided pursuant to those contracts. (D.I. 1 ¶ 12). I accept this allegation as true for the purposes of this motion, *see Genedics, LLC v. Meta Co.*, 2019 WL 3802650 at *3, and I further note that the contracts in question have been produced in support of DoiT's claim. (D.I. 14-1). DoiT will undoubtedly suffer prejudice if this motion is denied because it would otherwise be unable to recover damages for BlackSwan's breaches. The first factor accordingly weighs in favor of granting this motion.

The second and third factors likewise weigh in favor of granting this motion. There is no immediately apparent litigable defense, and BlackSwan has of course not asserted any. BlackSwan has also failed to appear to answer the allegations or otherwise litigate this action despite having been served with the pleadings and with this pending motion, and so BlackSwan is culpable for the delay in the progress of this action.

#### B. Damages

Finding that the entry of default judgment is appropriate, I now turn to the remedy. DoiT seeks monetary relief equal to the unpaid balance of $394,389.06 plus reasonable costs of $742

for filing and service of this action, and post-judgment interest pursuant to 28 U.S.C. § 1961.

Having considered the applicable law, DoiT's submissions, and the evidence presented, I find that the requested relief is appropriate. First, DoiT is entitled to damages equal to BlackSwan's unpaid balance of $394,389.06. DoiT has substantiated its request for this amount by providing a series of invoices (D.I. 14-2) and an explanation of how they add to the asserted unpaid balance (D.I. 16). DoiT has also provided receipts for its costs. (D.I. 14-4). After reviewing these documents, I conclude that the amounts requested appear consistent with the evidence.

### IV. Conclusion

For the foregoing reasons, I recommend that the District Court GRANT DoiT's Motion for Entry of Default Judgment and enter judgment in the amount of $395,131.06, consisting of $394,389.06 in unpaid invoices due and owing and $742 in court-related filing and service costs. DoiT is directed to serve a copy of this Report and Recommendation on Defendant in the same manner that it served Defendant with the Complaint and related motions, and it shall file proof of such service with the Court.

Accordingly, I recommend that the Court enter the attached Proposed Order Entering Judgment by Default.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), (C), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. Any objections to the Report and Recommendation shall be filed within fourteen days and limited to ten pages. Any response shall be filed within fourteen days thereafter and limited to ten pages. The failure of a party to object to legal conclusions may result in the loss of the right to *de novo* review in the District Court.

The parties are directed to the Court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated March 7, 2022, a copy of which is available on the Court's website.

                                                      The Honorable Laura D. Hatcher
                                                      UNITED STATES MAGISTRATE JUDGE

Dated: September 25, 2023